ALICE K. MOUGHON, plaintiff in error, *vs.* CLEMENT MASTERSON, defendant in error.

After a homestead is claimed and set apart, it cannot be incumbered by mortgage, except for the objects specified in the constitution. A

mortgage on the homestead, executed by husband and wife, and approved by the ordinary, which purports to be made to secure a debt for money borrowed, "to enable us to carry on our farming interest on our farm in Jones county, our present homestead," cannot be foreclosed if the truth be, that the "mortgage was not given for taxes, or for money borrowed and expended in improvements upon the homestead, or for the purchase-money of the same, or for labor done thereon, or materials furnished therefor, or the removal of incumbrances thereon." It was error to strike the wife's plea etting up this defense in resistance to foreclosure.

Homestead. Mortgage. Before Judge BARTLETT. Jones Superior Court. October Term, 1876.

Report unnecessary.

C. L. BARTLETT; IRVIN & GRESHAM, for plaintiff in error.

C. P. CRAWFORD; HARDEMAN & JOHNSON, for defendant.

BLECKLEY, Judge.

The wife's plea negatives, expressly, all the objects for which the homestead can be incumbered under the constitution of 1868: Code, §5135. Assuming the plea to be true, the mortgage cannot be enforced against the property, while the homestead right is in existence. It may be that it can, after the right has terminated; but if so, it is because the mortgage binds whatever is beyond the homestead estate proper. Whether it does so or not, need not now be decided. Granting that it does, the choice would lie between rendering a judgment of foreclosure now, with a stay of sale until the homestead right is extinct, (45 *Ga.*, 631), and postponing foreclosure, as well as sale, until after the happening of that contingency. At all events, if the matter of the wife's plea is supported by evidence at the trial, the mortgage cannot be foreclosed *against the homestead estate,* either now or hereafter. It was error to strike the plea.

Judgment reversed.